

CHIESA SHAHINIAN & GIANTOMASI PC

ONE BOLAND DRIVE
WEST ORANGE, NJ 07052

csglaw.com

**LEE VARTAN**
lvartan@csglaw.com
(O) 973.530.2107
(F) 973.530.2307

August 20, 2020

*Via Electronic Filing*
Hon. Marian Blank Horn
Howard T. Markey National Courts Building
717 Madison Place, NW
Washington, DC 20439

  Re: The Portland Mint v. United States
     Case No. 1:20-cv-00518-MBH

Dear Judge Horn:

  I represent Plaintiff, The Portland Mint ("TPM"), in the above-captioned matter. TPM has been the victim of repeated government abuse, gross incompetence, or both for now over two years. That abuse first came at the hands of the Department of Treasury and the United States Mint. The Department of Justice has now picked-up the baton.

  TPM is a business. Its business model is simple: TPM collects mutilated United States coins from both the United States and overseas, packages those coins, and presents them to the United States Mint for bulk redemption through the Mint's Mutilated Coin Redemption Program. TPM was invited by the United States Mint to participate in the Program, submitted an application to the Program, and was specifically approved to participate in the Program. On August 2, **2018**, TPM delivered $8.51 million in mutilated coins to the United States Mint through Olin Brass – a foundry based in Illinois designated by the Mint to accept and redeem bulk shipments of mutilated coins. The government took TPM's property that day, but never paid TPM.

  Worse, the government has refused to say why. Adam Youngs, the president of TPM, made repeated entreaties to the Mint for explanation. They went unanswered. See Compl. ¶ 59. Mr. Youngs enlisted the help of his United States Senator. His Senator's inquiry was likewise ignored. See id. ¶¶ 60-61.

  Mr. Youngs was forced to file this Complaint because no one from the government would tell him what had happened with his property valued at $8.51 million. While detailed, the Complaint can be distilled to a single sentence: TPM alleges that the

August 20, 2020
Page 2

United States accepted TPM's coins valued at $8.51 million, melted them for new coin roll, and refused to pay TPM for the property it took. Mr. Singley, the attorney for the government, has already conceded orally and in writing that these essential facts are true: the government took TPM's coins valued at $8.51 million, melted all of them except a statistically insignificant sample, and refuses to pay TPM for the property it took. (See Dkt. #8). The government's excuse is that the foundry did not pay it. (See id.).

Mr. Singley's other case obligations notwithstanding, it should not take the United States Department of Justice 5 months to respond to a complaint whose basic facts it has already agreed are true. The government should have paid TPM. Instead, it seeks further delay. In support, Mr. Singley includes a list of his competing case demands:

> (1) [A]ctive discovery in Entergy Nuclear Indian Point 2, LLC v. United States, Fed. Cl. No. 19-949C; (2) active discovery in Holtec Pilgrim, LLC v. United States, Fed. Cl. 19-1159; (3) active discovery in Advanced Powder Solutions, Inc. v. United States, Fed. Cl. No. 20-137C; (4) answer in Boston Edison Company, et al., v. United States, Fed. Cl. No. 20-529C, which is currently due on August 28, 2020; (5) motion to dismiss and motion for summary judgment in Vanquish Worldwide, LLC v. United States, Fed. Cl. No. 17-96C, which is currently due on October 9, 2020; (6) active discovery, including preparation for upcoming depositions, in Vanquish Worldwide; and (7) filing of administrative record in Clifford Hilaire v. United States, Fed. Cl. No. 20-894C, which is currently due on September 11, 2020; and in the Court of Appeals for the Federal Circuit: (1) response to petition for panel rehearing and en banc rehearing filed in Gadsden Industrial Park, LLC v. United States, Fed. Cir. No. 18-2132, which is currently due on August 28, 2020; (2) response brief in Camille Mauro v. Social Security Administration, Fed. Cir. No. 20-1252, which will be due within 21 days after petitioner's opening brief is filed, which is currently overdue; (3) response brief in Billie O. Stone v Secretary of Veterans Affairs, Fed. Cir. No 20-1732, which is currently due on September 11, 2020; (4) response brief in Gary R. Larson, Jr. v. Robert Wilkie, Fed. Cir. No. 20-1647, which is currently due on September 28, 2020; in the Court of International Trade: oral argument in United Steel and Fasteners, Inc. v. United States, Ct. Int'l Trade No. 15-113, which occurred July 28, 2020.

This list is nearly word-for-word identical to the list Mr. Singley provided to the Court in support of the government's first motion for enlargement of time to respond:

August 20, 2020
Page 3

> (1) [A]ctive discovery in <u>Entergy Nuclear Indian Point 2, LLC v. United States</u>, Fed. Cl. No. 19-949C; (2) active discovery in <u>Holtec Pilgrim, LLC v. United States</u>, Fed. Cl. 19-1159; (3) active discovery in <u>Advanced Powder Solutions, Inc. v. United States</u>, Fed. Cl. No. 20-137C; (4) answer in <u>Boston Edison Company, et al., v. United States</u>, Fed. Cl. No. 20-529C, which is currently due on August 28, 2020; (5) ongoing litigation in <u>Mind Your Business, Inc. v. United State[s]</u>, Fed. Cl. No. 20-429, a bid protest matter that is currently in a voluntary remand status with a status report due on June 30, 2020; (6) motion to dismiss and motion for summary judgment in <u>Vanquish Worldwide, LLC v. United States</u>, Fed. Cl. No. 17-96C, which is currently due on July 31, 2020; and (7) active discovery, including preparation for upcoming depositions, in <u>Vanquish Worldwide</u>; in the Court of Appeals for the Federal Circuit: (1) response brief in <u>Camille Mauro v. Social Security Administration</u>, Fed. Cir. No. 20-1252, which will be due within 21 days after petitioner's opening brief is filed, which is currently overdue; (2) response brief in <u>Billie O. Stone v Secretary of Veterans Affairs</u>, Fed. Cir. No 20-1732, which will be due within 21 days after petitioner's opening brief is filed, which is currently due on June 23, 2020; response brief in <u>Gary R. Larson, Jr. v. Robert Wilkie</u>, Fed. Cir. No. 20-1647, which will be due within 40 days after appellant's opening brief, which is currently due on July 17, 2020.

Based on Mr. Singley's unchanging case list, the government will no doubt be making a third motion for enlargement of time to respond next month.

Just as Mr. Singley is a real person with real and competing demands, Adam Youngs is a real person with a real family with real obligations that remain just as real notwithstanding the pandemic. Mr. Youngs needs the $8.51 million the government owes him to operate his business, and if the government will not pay voluntarily, this case needs to proceed expeditiously and without further delay. The government's second motion for enlargement of time to respond should be denied. If Mr. Singley does not have the time to dedicate to this matter, one of his thousands of colleagues at the Department of Justice surely must.

August 20, 2020
Page 4

                         Respectfully submitted,

                         <u>/s/ Lee Vartan</u>

                         Lee Vartan
                         Attorneys for Plaintiff, The Portland Mint


cc:    Eric J. Singley, Esq. (via electronic filing and email)