

CHIESA SHAHINIAN & GIANTOMASI PC

ONE BOLAND DRIVE
WEST ORANGE, NJ 07052

csglaw.com

**LEE VARTAN**
lvartan@csglaw.com
(O) 973.530.2107
(F) 973.530.2307

February 18, 2021

*Via Electronic Filing*
Hon. Marian Blank Horn
Howard T. Markey National Courts Building
717 Madison Place, NW
Washington, DC 20439

   Re: The Portland Mint v. United States
      Case No. 1:20-cv-00518-MBH

Dear Judge Horn:

  As Your Honor is aware, this firm represents The Portland Mint ("TPM") in the above-captioned matter. Please accept this letter brief in lieu of a more formal opposition to Defendant's motion for leave to exceed the page limit for its reply brief in support of its motion to dismiss the Amended Complaint.

  Defendant seeks to exceed the page limit for one reason: to discuss a report that TPM has never seen, that Defendant claims TPM can never see, (*see* Def.'s Br. at 7, n. 5), and that was completed well after the Amended Complaint was filed and after Defendant filed its motion to dismiss. According to Defendant, "The Mint's determination that the coins are counterfeit . . . has bearing on whether [TPM] can establish jurisdiction or state a claim in this Court." That is wrong.

  First, the Amended Complaint alleges that the coins were genuine, mutilated U.S. coins. On a motion to dismiss, a plaintiff's well-pleaded allegations must be accepted as true. *See, e.g.*, *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995); *Wade v. United States*, 136 Fed. Cl. 232, 242 (2018). Second, Defendant wants to argue that it has determined the coins are "counterfeit," and therefore the Court can safely dismiss the Amended Complaint notwithstanding the well-pleaded allegations to the contrary. On a motion to dismiss, the Court cannot consider materials extraneous to the complaint. *See, e.g.*, *G4S Tech. LLC v. United States*, 114 Fed. Cl. 662, 669 (2014) (citing *Briseno v. United States*, 83 Fed. Cl. 630, 634 (2008) ("[W]hen the court considers – and does not exclude – materials outside of the pleadings, dismissal under RCFC 12(b)(6) or 12(c) is not appropriate.")). Simply,

NEW JERSEY                             NEW YORK

4850-6858-2365.v1

February 18, 2021
Page 2

Defendant seeks 10 additional pages to make arguments that are legally improper on a motion to dismiss.

Additionally, Defendant's suggestion that TPM filed its complaint "prematurely" is incredible and belied by the Amended Complaint. As detailed in the complaint, TPM delivered its coins to the Mint in August 2018. They were redeemed that day, and on information and belief, used to manufacture new coin roll. TPM spent years trying to obtain payment from Defendant that Defendant is legally obligated to make. TPM was stonewalled until it filed its complaint. And it is only now, after the Amended Complaint was filed, and while the Government's motion to dismiss is pending, that there was a determination that the shipment the Government already accepted and redeemed is "counterfeit." The timing of the Government's determination is, in a word, suspect.

For these reasons, Defendant's motion to exceed the page limit for its reply brief should be denied. As much as it would like, Defendant cannot avoid TPM's well-pleaded allegations and fast-forward to the end of the litigation based on a report that TPM has not seen and apparently can never see.

Respectfully submitted,

/s/ Lee Vartan

Lee Vartan
Attorneys for Plaintiff, The Portland Mint

cc:   Alison S. Vicks, Esq. (via electronic filing)