IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE PORTLAND MINT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 20-518C |
| ) | (Judge Horn) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO EXCEED THE PAGE LIMITS**

Pursuant to Rule 7.2(b) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully submits this reply to plaintiff, the Portland Mint's (Portland), opposition to our request for leave to exceed the 20-page limit under RCFC 5.4(b) by ten pages in our reply in support of our motion to dismiss, to be filed on February 19, 2021.  Portland's Response Letter (Resp. Letter), ECF No. 30.

Portland opposes our motion because it contends that we want to discuss the United States Mint's (Mint) internal report that concluded in the determination that Portland's submission the Mint's Mutilated Coin Redemption Program consisted of counterfeit coins.  This is not so.  The Government is not proposing to discuss the Mint's internal report, but rather to address the effects of the letter the Mint sent to Portland on December 30, 2020,[1] upon conclusion of its evaluation of Portland's submission (which Portland was aware of at the time it filed its amended complaint), officially notifying Portland of its determination that the Mint was denying redemption pursuant to its regulations.  The Mint's determination affects this Court's

---

[1] Our motion for leave to exceed page limits contained a typographical error and stated that the Mint's letter was sent to Portland on December 20, 2020.  The letter was sent on December 30, 2020.  Defendant apologizes to the Court for this error.

exercise of jurisdiction over Portland's claim as well as, if the Court determines that it has jurisdiction, the ability of Portland to state a valid claim upon which relief can be granted.

Portland contends that the Court may not consider the effect of the Mint's determination on its jurisdiction or Portland's stated claim because Portland alleged that the coins were genuine and that "[o]n a motion to dismiss, a plaintiff's well-pleaded allegations must be accepted as true." Resp. Letter at 1. Portland is incorrect for two reasons. First, when "establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citing *Land v. Dollar,* 330 U.S. 731, 735 n. 4 (1947)). Our motion raised the issue that Portland had not submitted genuine coins, thus challenged the "fact" that Portland's submission contained genuine United States coins, which is a prerequisite for the Court to even possibly assert jurisdiction under 31 C.F.R. § 100.11(d),[2] the regulation setting forth the redemption rates for submissions of genuine coins, under a contract theory for a purported agreement to redeem genuine coins under the same regulatory provision, or under a taking theory, because a person does not possess a cognizable property interest in contraband for the purposes of Fifth Amendment takings claims. Defendant's Motion To Dismiss Plaintiff's Amended Complaint (Def. Mot.), ECF No. 21, at 7 n. 4-5, 11-12, 17, 23, 25-26, 28, 31, 33, 37-38. The Mint's determination is crucial to the question of whether this Court can exercise jurisdiction over a claim for payment for contraband such as counterfeit coins, regardless of whether Portland believes the coins were genuine, or whether Portland must pursue avenues for relief in other courts. Thus, the Court may consider the Mint's determination when

---

[2] In addition, we argued that the Mint's Redemption Program's regulations cannot be fairly read to be money-mandating, at all, which would deprive this Court of jurisdiction. Def. Mot. at 10-12.

establishing whether it possesses jurisdiction, even if it agrees that the Mint's determination is "evidence extrinsic to the pleadings." *Land*, 330 U.S. at 735 n.4.

Second, the Court may consider the Mint's determination because it is not external to the pleadings. The determination concludes the Mint's evaluation of Portland's submission, which Portland's amended complaint itself referenced. Am. Compl. ¶¶ 61, 63, 72. "It is well established that, in addition to the complaint itself and exhibits thereto, the court 'must consider . . . documents incorporated into the complaint by reference and matters of which a court may take judicial notice.'" *Bell/Heery v. United States*, 106 Fed. Cl. 300, 307 (2012), *aff'd*, 739 F.3d 1324 (Fed. Cir.), *reh'g and reh'g en banc denied* (Fed. Cir. 2014) (quoting *Tellabs Inc. v. Makor Issues and Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Moreover, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint," without converting the motion from a motion to dismiss to a motion for summary judgment. *Bell/Heery*, 106 Fed. Cl. at 307-8 (internal citations omitted). Portland's claim for relief relies "heavily upon [the] terms and effect," of the Mint's investigation and determination, whether the Court ignores the determination, as Portland wants it to, or recognizes it, as it must. *Bell/Heery*, 106 Fed. Cl. at 307-8. Portland is thus incorrect that the Mint's determination is impermissibly outside the scope of the complaint; the evaluation was referenced in both of Portland's complaints, and the Court is permitted consider the effect of the determination on the disposition of the case at this stage.

In addition, as Portland has in all of its filings before this court, Portland incorrectly asserts that its coins were "redeemed" in August 2018 when they were delivered to the Olin

3

Brass foundry to support its contention that the Court should ignore the Mint's determination.[3] As a factual matter, Portland was aware that its submission was not "redeemed" because Portland did not receive payment for the submission, and, when it inquired, Portland became aware that the coins were not redeemed because the Mint had taken samples of Portland's submission when it was delivered, as it may do pursuant to 31 C.F.R. § 100.11(c)(4), and was evaluating those samples to determine whether the submission was suitable for redemption. The Mint responded to Portland's additional requests for information that it was still evaluating the coins, and then it concluded its evaluation in the fall of 2020 and issued its determination to deny redemption in December 2020. The fact that the Mint's evaluation was not concluded at the time Portland filed in this Court cannot obviate the Mint's investigation or that investigation's relevance to this lawsuit. Further, allowing us to address these issues now would enhance judicial efficiency. Nor is the Mint's timing "suspect." Resp. Letter at 2. The Mint merely concluded its investigation and issued its determination letter.

We respectfully request extra pages to present these arguments, fully, to the Court. In order to adequately address Portland's claims, the Government must be able to provide a full analysis of whether the Court may consider the Mint's determination in analyzing the Government's motion to dismiss as well as how the Mint's determination affects Portland's ability to establish jurisdiction and state a claim. The Mint's determination that the coins are counterfeit, which is the result of an investigation that Portland admits it was aware of (including in its complaint and amended complaint), has bearing on whether Portland can establish

---

[3] The determination to redeem coins is a legal determination made by the Mint pursuant to the Mint's regulations, and any allegation that the coins were "redeemed," other than by an official determination to redeem made by the Mint, is a legal conclusion couched as a factual allegation, which need not be given the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

jurisdiction or state a claim upon which relief can be granted in this Court.

And in addition to addressing these issues, the United States must also reply in support of its motion to dismiss Portland's six count complaint.

For these reasons, we respectfully request that the Court grant our motion for leave to exceed the page limit imposed by RCFC 5.4(b).

    Respectfully submitted,

    BRIAN M. BOYNTON
    Acting Assistant Attorney General

    ROBERT E. KIRSCHMAN, JR.
    Director

    /s/ Deborah A. Bynum
    DEBORAH A. BYNUM
    Assistant Director

    /s/ Alison S. Vicks
    ALISON S. VICKS
    Trial Attorney
    Commercial Litigation Branch
    Civil Division
    Department of Justice
    P.O. Box 480
    Ben Franklin Station
    Washington, D.C. 20044
    Tel: (202) 305-7573
    Fax: (202) 307-0972
    Alison.S.Vicks@usdoj.gov

February 18, 2021    Attorneys for Defendant