# EXHIBIT F



**DEPARTMENT OF THE TREASURY**
**UNITED STATES MINT**
**WASHINGTON, D.C. 20220**

March 4, 2021

*Via Electronic Mail*

Lee Vartan, Esq.
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, NJ 07052
lvartan@csglaw.com

      **Re: The Portland Mint**

Mr. Vartan,

      We are in receipt of your letter dated March 2, 2021, requesting discovery in the United States Mint's administrative appeal process of the denial of the Portland Mint's August 2, 2018 submission to the U.S. Mint's mutilated coin redemption program.

      As described in our March 2, 2021 call, the U.S. Mint's administrative appeal process for a Mutilated Coin Redemption Program participant to contest a denial of redemption is an informal adjudication governed by internal agency procedure.

      The U.S. Mint's policy is set forth in its Standard Operating Procedure Manual (SOP). The SOP states that if a participant's mutilated coin shipment is rejected following inspection, then the participant is informed of the denial and provided instructions on how to submit a written appeal within 30 days of receipt of the decision. The participant submits the appeal, including any and all relevant information and reasoning as to why the rejection should be overturned, through written statement and attachments, if necessary. The Associate Director of Manufacturing reviews the participant's appeal, including any additional information submitted, *de novo*. The Associate Director of Manufacturing determines if the original denial should be upheld or, if, based on the information and reasoning supplied, the decision should be modified. After a decision is made, a letter is sent to the participant informing the participant of the U.S. Mint's decision on their appeal.

      The U.S. Mint's process, as governed by its policy, is an informal adjudication and does not provide that discovery requests may be propounded on the U.S. Mint or that the U.S. Mint will respond to requests from participants for its internal documents. It is not a case of adjudication required by statute after opportunity for an agency hearing contemplated by 5 U.S.C. § 554, and it is therefore not governed by the requirements of 5 U.S.C. §§ 556-57. Instead, the U.S. Mint's process is committed to the agency's discretion. The U.S. Mint has set forth its process for appeals of redemption denials in the agency's SOP, as described above. You

have not articulated a legal basis for your discovery requests at the administrative stage.  The U.S. Mint will respond to such requests in the course of your pending litigation.

      To that end, in our March 2, 2021 phone call with you, we invited the Portland Mint to submit any additional evidence it may have regarding the genuineness of its coins or the due diligence the Portland Mint may have undertook to ensure that the $8.5 million in purported United States coins that it purchased from China were genuine.  You declined to submit additional evidence.  If you would like to submit additional information, please let us know and we will consider this additional information with your appeal.  In the meantime, a decision on your appeal is forthcoming.

                                        Sincerely,

                                        <u>/s/ Sheila Barnett</u>

                                        Attorney for the Agency
                                        United States Mint
                                        U.S. Department of the Treasury

cc: Alison Vicks, Esq., Department of Justice