

**DEPARTMENT OF THE TREASURY**
**UNITED STATES MINT**
WASHINGTON, D.C. 20220

March 15, 2021

Adam Youngs
The Portland Mint
2006 16th Ave
Forest Grove, OR 97116-2846
portlandmint@gmail.com
SENT VIA EMAIL

Dear Mr. Youngs:

This letter responds to the Portland Mint's Appeal of the United States Mint's Official Determination received through your attorney, Lee Vartan, via email on January 25, 2021.

By letter sent to you on December 30, 2020, from Richard Robidoux, the United States Mint informed you that your August 2018 submission to the Mutilated Coin Redemption Program (Program) was determined by the United States Mint to be counterfeit. This letter provided you with specific information on the representative sample that was tested, as well as the methods of analysis (physical analysis, chemical analysis, and electromagnetic testing). You were provided the opportunity to submit a written appeal of the decision not to redeem your submission determined to be counterfeit, with instructions to include any and all relevant information as to why the decision should be overturned.

In your appeal letter, the Portland Mint argues that the United States Mint's determination that the material is counterfeit is contrary to regulations, specifically 31 C.F.R. §100.11(d). 31 C.F.R. §100.11(d) sets forth specific rates at which the United States Mint will redeem lawfully held, genuine bent or partial coins. Those specific rates are irrelevant to our conclusion that the coins you submitted for possible redemption were counterfeit. It is payment to the Portland Mint that is contrary to law and regulation, because Portland is not entitled to payment for counterfeit coins. *See* 18 U.S.C. § 492 (mandating forfeiture of all counterfeit coins of the United States). The regulations clearly state that only lawfully held coins that are "readily and clearly identifiable as to genuineness" will be redeemed and that no redemption will be made when "[a] submission, or any portion of a submission, demonstrates a pattern of intentional mutilation or an attempt to defraud the United States," "[a] submission appears to be part of, or intended to further, any criminal activity," or a submission "contains a material misrepresentation of fact" under other parts of subsection (c). *See* 31 C.F.R. § 100.11(c)(6)(i)-(iii). If redemption is prohibited for any of these reasons, the submission will not be returned.

In your appeal letter, you claim that "the Government claimed for the first time" that the Portland Mint's coins were counterfeit in the Government's Motion to Dismiss the Portland Mint's Amended Complaint in *The Portland Mint v. The United States*, Case No. 20-518C, pending before the United States Court of Federal Claims. This is not an accurate statement. The Government filed a motion to dismiss the original complaint months earlier, which

asserted the coins were counterfeit.  The Portland Mint was informed multiple times by the United States Mint, beginning as early as September 2018 that the United States Mint was still evaluating Portland's submission.  Additionally, it is the U.S. Mint's understanding that the Department of Justice attorney originally handling this case, Eric Singley, also informed Portland Mint's counsel that the authenticity of the coins was in question from the very beginning of that case.  That the Portland Mint now claims surprise that the United States Mint concluded the submission was counterfeit is undermined by the information previously provided to you.

Your appeal did not offer any evidence to demonstrate your submission was genuine.  Your appeal did not provide any evidence of due diligence performed by the Portland Mint to check the authenticity of the coins prior to submitting them to the Program.  Your appeal did not provide any information or verification from the source the Portland Mint obtained the coins regarding their genuineness.  Your appeal did not provide any statistical information or expert opinion to refute the adequacy of the United States Mint's sample.  Although you attached the First Amended Complaint in *The Portland Mint v. The United States*, Case No. 20-518C pending before the United States Court of Federal Claims, the information in the complaint are merely allegations with no factual support.  In a phone call on March 3, 2021, counsel for the United States Mint invited the Portland Mint's counsel to supplement its appeal with additional evidence but counsel declined to do so.

Your appeal relies primarily on the argument that if your coins were used to manufacture new coins, they must be genuine.  You further contend that the coins are genuine because they appeared to have the same metallurgical composition as genuine coins.  These arguments are without merit.  The metallurgical specifications for United States coins are publicly accessible and can be mimicked.  Having the same general metallurgical composition as genuine coins does not mean a coin was made by the United States Mint, and is, therefore, authentic United States currency.  In addition, the U.S. Mint will not return submissions that are deemed non-redeemable; thus, Portland would be denied the return of its submission even if the United States Mint had merely stored Portland's submission during the evaluation.  Your contention that the United States did not return the submission, and otherwise melted it, is irrelevant to the issue of whether Portland's submission was genuine.

Your request for "all testing reports and analyses" supporting the conclusion that the Portland Mint's shipment was counterfeit is also denied.  That request seeks, among other things, law enforcement sensitive information related to the security of United States coinage.  The U.S. Mint does not provide investigative material as part of the administrative appeal process.  In the pending litigation, the U.S. Mint will provide details of the testing and analyses in redacted form and under appropriate protective measures.

I have reviewed the United States Mint's analysis of the submission, including sampling methods, and find that the testing sufficiently supports a conclusion that the coins you submitted in August 2018 were counterfeit.  Your appeal did not present information to overturn that conclusion.

Based on this finding, and pursuant to 31 C.F.R. § 100.11(c)(6)(i)-(iii) and 31 C.F.R. § 100.11(c)(7), the United States Mint denies your appeal of our redemption determination on the Portland Mint's material submitted to the Mutilated Coin Redemption Program in August 2018.  Counterfeit coins are *per se* contraband and will not be returned to the holder.  *See* 18 U.S.C. § 492.  The counterfeit determination has been referred to law enforcement and the Portland Mint can pursue its rights in the appropriate court of law.

Sincerely,


David Croft
Associate Director for Manufacturing
United States Mint

cc: Lee Vartan, Esq. via email at lvartan@csglaw.com