IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THE PORTLAND MINT,            )
                              )
            Plaintiff,        )
                              )
    v.                        )
                              )    No. 20-518C
                              )    (Judge Horn)
THE UNITED STATES,            )
                              )
            Defendant.        )
                              )

## DEFENDANT'S STATUS REPORT AND NOTICE OF INTENT TO FILE A MOTION TO DISMISS OR TRANSFER PORTLAND'S AMENDED COMPLAINT

Pursuant to the Court's order of March 25, 2021, defendant respectfully submits this status report regarding the referral of the August 2018 submission of plaintiff, the Portland Mint (Portland), to law enforcement, and notice of intent to file a motion to dismiss or transfer the amended complaint Portland on the basis of lack of jurisdiction.  Order, ECF No. 38.  If deemed necessary upon receipt of this status report, defendant respectfully requests that the Court hold a status conference to discuss defendant's intended motion.

## BACKGROUND

Defendant previously filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), which was denied by the Court without prejudice "because of the numerous factual issues presented by the defendant after the defendant's motion to dismiss was filed and presented at the February 19, 2021 status conference."  Order, ECF No. 33.  The factual issues referenced in the Court's order included the ongoing administrative appeal of the United States Mint's denial of Portland's August 2018 submission to its mutilated coin redemption program.  *See id.*  The Court requested additional information about these factual issues, ordering the parties to file (1) brief statements of the

administrative process resolving the open administrative issues at the U.S. Mint by March 5, 2021, and (2) joint status reports every two months, beginning Monday, April 19, 2021, regarding the status of the Portland's administrative appeal before the U.S. Mint. *Id.* The parties filed the required brief statements of the U.S. Mint's administrative process on March 5, 2021. *See* Defendant's Status Report, ECF No. 34; Plaintiff's Status Report, ECF No. 35. Defendant's status report informed the Court that the U.S. Mint's administrative process was nearing its end, and on March 16, 2021, defendant filed a notice in this Court that the administrative process was complete and that the U.S. Mint had affirmed its denial of redemption of Portland's August 2018 submission. Defendant's Notice of Filing, ECF No. 36.

Accordingly, the factual issues referenced in the Court's February 19, 2021 order—the U.S. Mint's denial of Portland's redemption and Portland's appeal of the denial—are complete and are before this Court. *See* Def. Status Report, ECF No. 34; Notice of Filing, ECF No. 36. With the resolution of the U.S. Mint's regulatory and administrative processes, the Court is in a better position to decide jurisdictional issues.

The agency's denial of redemption at the conclusion of its process is final agency action and has implications on the exercise of this Court's jurisdiction and the viability of Portland's current allegations before this Court. The Court may take cognizance of it, as indicated by the Court in the March 22, 2021 status conference. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993) ("In establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings[.]"); *Bell/Heery v. United States*, 106 Fed. Cl. 300, 307-308 (2012), *aff'd*, 739 F.3d 1324 (Fed. Cir.), *reh'g and reh'g en banc denied* (Fed. Cir. 2014) ("It is well established that, in addition to the complaint itself and exhibits thereto, the court 'must consider . . . documents incorporated into

the complaint by reference and matters of which a court may take judicial notice.'") (quoting *Tellabs Inc. v. Makor Issues and Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

REFERRAL TO LAW ENFORCEMENT

As an initial matter, the Court has requested additional information about the reference in the U.S. Mint's March 16, 2021 letter that the matter concerning Portland's coins had been referred to law enforcement. Order, ECF No. 38. As stated in defendant's March 5, 2021 status report, the U.S. Mint's policy requires that all suspected criminal activity to be reported to the Treasury Office of the Inspector General (TOIG). Def. Status Report, ECF 34, at 7. The U.S. Mint did so with regard to Portland's submission when it reached a preliminary determination in November 2019 that Portland's retained samples were inconsistent with genuine U.S. coinage. *Id.*; *see also id.* at Exhibit B, ECF No 34-2 (Letter to TOIG, November 6, 2019). The U.S. Mint has continued to update TOIG on this matter, including providing TOIG with the U.S. Mint's official determination that Portland's August 2018 submission to the Mutilated Coin Redemption Program was counterfeit and therefore denied redemption, as well as the denial of Portland's administrative appeal.

TOIG has investigatory and law enforcement functions, pursuant to Public Law (Pub. L.) 100-504, "The Inspector General Act Amendments of 1988." *See also* Treasury Directive 27-12, https://www.treasury.gov/about/role-of-treasury/orders-directives/Pages/td27-12.aspx. In particular, TOIG is charged with investigating allegations of crime and other serious misconduct by, inter alia, contractors, grantees, related parties, and other persons in connection with the programs and operations of departments of the Treasury, including the U.S. Mint. Treasury Directive 27-12 at 3.a(2). This includes investigations into counterfeits in the U.S. Mint's mutilated coin redemption program. *See* Def. Status Report, Exhibit B, ECF No. 34-2 (Letter to

TOIG).

In addition to TOIG, the U.S. Mint referred the matter to the United States Secret Service (USSS). Specifically, the U.S. Mint informed USSS Headquarters of the counterfeit determination, and then the U.S. Mint Police referred the matter to the USSS Philadelphia Field Office, 600 Arch Street # 7236, Philadelphia, PA 19106, for further investigation.

Neither TOIG nor the USSS are prosecutorial bodies, however. As of now, the United States knows of no U.S. Attorney's office that has accepted the case for investigation or prosecution. As such, a possible referral to a U.S. Attorney's office is speculative at this point, and, in any event, does not bear on the arguments relating to this Court's jurisdiction and the suitability of this case for transfer, as set forth below.

<u>DEFENDANT'S MOTION TO DISMISS OR TRANSFER</u>

The United States intends to file a renewed motion to dismiss or transfer Portland's case on jurisdictional grounds for the following reasons:

- The U.S. Mint followed its regulatory process to determine whether Portland's submission was suitable for redemption after Portland delivered it. The U.S. Mint's process, and the ultimate denial of Portland's submission, is agency action that was undertaken in accordance with its regulations and internal policy. *See* Def. Status Report, ECF No. 34, with exhibits. Portland's complaint challenges the lawfulness of the U.S. Mint's process and contains an inherent request for the Court to set the U.S. Mint's determination aside by requesting that the Court equitably estop the Government from relying on its finding that the coins are not redeemable. Am. Compl. at ¶ 107. A challenge to the lawfulness of final agency action and a request to set it aside may be brought pursuant to the Administrative Procedure Act (APA) in a district court. Portland's complaint should be transferred to district court.

- Portland's takings claim is not viable because Portland voluntarily participated in the U.S. Mint's redemption program and voluntarily delivered its submission to the U.S. Mint for participation in the redemption program, admittedly as part of its own business plan. In other words, the U.S Mint did not require Portland to participate

4

in its program or to make any submissions to the program.  In
addition, the U.S Mint followed its regulatory process to determine
that Portland's submission contained counterfeit coins and denied
redemption pursuant to its regulations.  The U.S. Mint's
determination must be presumed lawful to sustain a takings claims.
This Court cannot entertain a collateral attack on the lawfulness of
the U.S. Mint's determination via Portland's takings claim.

- A takings claim premised on the U.S. Mint's determination that
  coins would not be returned, nor would payment issue, because the
  submission contained counterfeit coins cannot be sustained.
  Counterfeit coins are contraband *per se*, and there is no cognizable
  property right in contraband.  Counterfeit coins are forfeited as a
  matter of law and this Court does not have jurisdiction to assess the
  validity of a forfeiture, which properly belongs in district court.

In addition, the United States maintains that its previous arguments regarding the

infirmity of Portland's allegations are still applicable.  In that regard, the United States will

renew its arguments that Portland has not demonstrated the formation of an implied-in-fact

contract, most significantly by failing to allege anything more than apparent authority on the part

of the Government official who purportedly formed a contract.  Portland has also failed to allege

the threshold element of equitable estoppel—affirmative misconduct—on the part of the

Government, and that claim must be dismissed.  Portland's claim for breach of the covenant of

good faith and fair dealing fails must be dismissed because no contract was formed that would

sustain such a claim, and Portland's claim for declaratory relief should be dismissed for lack of

jurisdiction or included in any transfer order.

Defendant is prepared to file its motion to dismiss on April 5, 2021, in lieu of answering

the complaint, with the responsive pleadings to be filed in accordance with the timeframes set

forth in the RCFC or on a schedule ordered by the Court.

For these reasons, we respectfully request that the Court permit us to file a motion to

transfer or dismiss Portland's amended complaint or hold a status conference to discuss the

defendant's intended motion, if necessary.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

/s/ Alison S. Vicks
ALISON S. VICKS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7573
Fax: (202) 307-0972
Alison.S.Vicks@usdoj.gov

March 30, 2021                              *Attorneys for Defendant*