IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE PORTLAND MINT,            )<br>                                            )<br>           Plaintiff,             )<br>                                            )<br> v.                                       )<br>                                            )   No. 20-518C<br>                                            )   (Judge Horn)<br> THE UNITED STATES,           )<br>                                            )<br>           Defendant.          )<br>                                            ) | |

JOINT STATUS REPORT REGARDING DISCOVERY SCHEDULE

Pursuant to the Court's order of March 26, 2021, the parties respectfully submit this joint status report regarding a proposed discovery schedule in this case. Order, ECF No. 38. As an initial matter, defendant notes that, pursuant to the Court's order, its answer was previously due today, along with the proposed discovery schedule and a statement concerning the U.S. Mint's referral of the submission at issue in this case to law enforcement. *Id*. On March 30, 2021, defendant filed the required statement of the U.S. Mint's referral to law enforcement and, in addition, notified the Court that it intended to file a motion to dismiss or transfer the complaint of plaintiff, The Portland Mint ("TPM"). Defendant's Status Report, ECF No. 39. The Court subsequently suspended the due date for the filing of the answer and scheduled a status conference on defendant's intended motion for Wednesday, April 7, 2021. Order, ECF No. 40. In defendant's view, submitting a proposed discovery schedule prior to answering the complaint is premature. Plaintiff argues that because the Court ordered the parties to submit a proposed discovery schedule on April 5, 2021, and because there is no Order modifying this requirement, a proposed discovery schedule setting forth the discovery deadlines requested by the Court must be provided. Because the parties are not in agreement with how to proceed with a proposed

discovery schedule, the parties' separate positions are set forth below.

Plaintiff's Position:

As set forth above, the Court's March 26, 2021 Order clearly states, "the parties shall jointly file a proposed discovery schedule, including time for interrogatories, expert discovery, and depositions." Order, ECF No. 38. Defendant argues that there should be a joint preliminary status report, preceded by a meet and confer of counsel to exchange preliminary disclosures and identify jurisdictional issues for the Court. Defendant is emphasizing form over substance. The Court is already well aware of the jurisdictional arguments from both parties as a result of the previously filed motions to dismiss and Defendant's request to file a third motion to dismiss. The Court's March 26, 2021 Order already seeks to accomplish the goals of a joint preliminary status report. Specifically, the Court ordered the parties to submit a proposed discovery schedule, so a scheduling Order can be entered. RCFC 26 provides that initial disclosures must be made "at or within 14 days after the Early Meeting of Counsel (see Appendix A ¶ 3) unless a different time is set by stipulation or court order." RCFC 26(a)(1)(C) (emphasis added). As such, the Court may provide a deadline in its scheduling Order for the parties to exchange preliminary disclosures, in addition to the following deadlines proposed by Plaintiff:

- Written discovery to be exchanged by May 10, 2021;
- Responses to written discovery, along with non-privileged, responsive documents, exchanged by June 7, 2021;
- Fact depositions to conclude by September 30, 2021;
- Expert reports, if any, to be exchanged by October 29, 2021;
- Expert rebuttal reports exchanged by November 30, 2021; and
- Expert depositions to conclude by December 15, 2021.

Defendant's Position:

As set forth above, defendant believes it is premature to submit a proposed discovery schedule in light of the pending status conference and the suspension of the filing of defendant's

answer. Further, defendant does not agree to the discovery schedule proposed by plaintiff because the proposed schedule does not allow time for the early meeting of counsel, exchange of initial disclosures, or filing of the joint preliminary status report (JPSR), as provided by the Rules of the Court of Federal Claims (RCFC) to help guide discovery.

The RCFC provide that the parties will file the JPSR answering specific questions, including whether the parties believe the Court has jurisdiction, after the defendant has answered the complaint (or the plaintiff has replied to a counterclaim). RCFC, Appendix A, Paragraph 4. The JPSR must also set forth a discovery schedule, if the case requires discovery. *Id.*, Paragraph 5. In addition, the parties must, shortly after the defendant answers the complaint, conduct an early meeting of counsel to discuss the JPSR. *Id.*, Paragraph 3. The parties must exchange initial disclosures setting forth, *inter alia*, the relevant individuals who may have discoverable information, within 14 days after the early meeting of counsel. RCFC 26. The initial disclosures can help the parties prepare the discovery schedule to be included in the JPSR.

Defendant respectfully proposes that no discovery schedule be entered at this time. If necessary, for a future discovery schedule, defendant respectfully proposes that the parties conduct their early meeting of counsel within two weeks of the defendant filing its answer, exchange initial disclosures within two weeks after the early meeting of counsel, and file the JPSR on the timeline set forth in the rules or as otherwise ordered by the Court. *See* RCFC, Appendix A. After exchanging initial disclosures, the parties will have a better idea of the extent of fact discovery needed, including written discovery and document production, the number of witnesses that may need to be deposed, and the nature and extent of any expert discovery. The parties will then propose a schedule in the JPSR that is informed by the needs of the case and provides adequate time to conduct the amount of discovery needed.

                        Respectfully submitted,

/s/ Lee Vartan
LEE VARTAN
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, New Jersey 07052
T: 973.325.1500
F: 973.325.1501
lvartan@csglaw.com
*Attorneys for Plaintiff The Portland Mint*


BRIAN M. BOYNTON
Acting Assistant Attorney General

MARTIN F. HOCKEY, JR.
Acting Director

/s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

/s/ Alison S. Vicks
ALISON S. VICKS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7573
Fax: (202) 307-0972
Alison.S.Vicks@usdoj.gov

April 5, 2021                        *Attorneys for Defendant*