

ATTORNEYS AT LAW

**CHIESA SHAHINIAN & GIANTOMASI PC**

ONE BOLAND DRIVE
WEST ORANGE, NJ 07052

csglaw.com

**LEE VARTAN**
lvartan@csglaw.com
(O) 973.530.2107
(F) 973.530.2307

April 5, 2021

*Via Electronic Filing*
Hon. Marian Blank Horn
Howard T. Markey National Courts Building
717 Madison Place, NW
Washington, DC 20439

Re:   **The Portland Mint v. United States**
      **Case No. 1:20-cv-00518-MBH**

Dear Judge Horn:

Please accept this letter on behalf of Plaintiff, The Portland Mint ("TPM"), in response to Defendant's "Status Report and Notice of Intent to File a Motion to Dismiss or Transfer Portland's Amended Complaint" filed on March 30, 2021. (ECF Document No. 39). For the reasons set forth below, Defendant's contemplated course of action is entirely inappropriate and prohibited by the Rules of this Court.

## I.    Brief Factual Background

Since August 2018, the Government's strategy has been consistent: to avoid, delay, and obfuscate. TPM delivered its coins to a Mint-designated foundry in August 2018. Fast-approaching three years later, the Mint has yet to say what it did with TPM's allegedly "counterfeit" coins. It was the inability of TPM to get any answers that forced it to file this action in April 2020. When it did, the Mint was supposedly still evaluating TPM's coins. (*See* Am. Compl. ¶ 72). The Government filed two motions to extend its time to respond to the Complaint, and then moved to dismiss the Complaint on September 25, 2020. TPM filed its Amended Complaint on October 23. More motions to extend the Government's time to respond followed, along with a second motion to dismiss.

While the Government's motion to dismiss was pending, on December 30, the Mint sent TPM a letter declaring TPM's coins "counterfeit." The Mint refused to provide TPM with the report underlying its conclusion. That did not stop the Government from

---

April 5, 2021
Page 2

filing a motion for leave to exceed the page limit in its reply papers so that it could spend the additional space telling the Court all about a report never mentioned in the Amended Complaint that TPM was not permitted to see.  The Court saw through the Government's ruse, denied the motion for leave to exceed the page limit, and denied the Government's motion to dismiss the Amended Complaint.

The Court then instructed the parties to each file a status report explaining how they believed the administrative appeals process would proceed before the Mint.  The parties did so on March 5, 2021.  Before the Court could respond, the Mint hurried to conclude the administrative appeals process (presumably so the Court could not order the Mint to turn over its investigative report as part of the process).  On March 16, the Government filed a letter with the Court from the Mint concluding that TPM's coins were "counterfeit."  The Mint's final agency determination was notable for a few reasons.  First, it rebuked TPM for "not provid[ing] any statistical information or expert opinion to refute the adequacy of the United States Mint's sample" even though there remains nothing to test: the Mint melted TPM's coins in August 2018.  Second, the Mint said that whether it used TPM's coins to manufacture new coinage or not was "irrelevant" to the genuineness of TPM's coins.  That is an obviously nonsensical statement.  Lastly, the Mint concluded somewhat ominously that the matter had been "referred to law enforcement."

The Court again saw through the Government's ruse, and asked the Government to which agency the matter had been referred.  The government lawyers could not provide an answer on the last status conference call, so the Court ordered the Government to address the question in writing.  The Government filed its response on March 30 admitting that the matter was with no prosecutorial agency.  The Government tried to quickly pivot from being caught in an untruth—claiming that whether the matter had been referred to law enforcement or not was of no moment since the issue had no bearing on (another) motion to dismiss or motion to transfer the Government intended to file.

Remarkably, the Government seeks permission to file another motion to dismiss based on the same arguments already denied by the Court.  More remarkably, the Government also seeks permission to, for the first time, file a motion to transfer the case to another court nearly a year after it was filed in the Court of Federal Claims and only after the Government's motion to dismiss was denied.

## II.    Referral to Law Enforcement

The Court specifically ordered Defendant to explain its prior statement that "[t]he counterfeit determination has been referred to law enforcement and the Portland Mint can pursue its rights in the appropriate court of law."  In its Status Report, Defendant

April 5, 2021
Page 3

essentially acknowledges the misleading nature of its prior statement by explaining that by "referred to law enforcement" it meant a report to the Treasury Office of the Inspector General in November 2019, and a referral to the United States Secret Service on an undisclosed date. No United States Attorney's Office is involved. The Government quickly attempts to pivot from being caught in an untruth by arguing that any "referr[al] to law enforcement" has no bearing on the Government's request to file another motion to dismiss or a motion to transfer.

### III.    Defendant's Motion to Dismiss or Transfer

Defendant's attempt to file a third successive motion to dismiss is not permitted by the Rules of the Court of Federal Claims ("RCFC"). Specifically, RCFC 12(g)(2) provides: "Except as provided in RCFC 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Defendant's arguments for its proposed third motion to dismiss are the same arguments it asserted in its last motion—and which the Court denied. Defendant admits as much. (*See* Defendant's March 30 Status Report at 5 ("[T]he United States maintains that its previous arguments regarding the infirmity of [TPM's] allegations are still applicable. In that regard, the United States will renew its arguments . . .")).

Nothing has changed between February 19, when the Court denied the Government's motion to dismiss, and today except a final agency determination the basis for which continues to be kept hidden from TPM and which, in any event, cannot be considered by the Court on a motion to dismiss. *See Ambrose v. United States*, 106 Fed. Cl. 152, 156 (2012) (holding that when deciding a motion to dismiss, courts "generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record") (internal quotation marks and citation omitted). To the extent Defendant attempts to argue that extraneous materials can be considered on a motion to dismiss for lack of subject matter jurisdiction, such a motion would be inappropriate where, as here, TPM's allegations go to both this Court's jurisdiction and the merits of the claims and no discovery has been allowed to date. *See G4S Tech. LLC v. United States*, 114 Fed. Cl. 662, 669 (2014), *aff'd*, 779 F.3d 1337 (Fed. Cir. 2015) (holding that when the allegations in the complaint go "to the heart of both the court's jurisdiction under the Tucker Act and the merits of plaintiff's claim . . . resolution of the dispute under RCFC 12(b)(1) [is] inappropriate").

Defendant's alternative request to transfer this matter to district court is similarly inappropriate. This is litigation gamesmanship at its worst. This case has been pending in the Court of Federal Claims since April 2020. Defendant never once sought to transfer the case. It does so only now, after the Court denied its motion to

April 5, 2021
Page 4

dismiss and after being caught in an untruth. Defendant should not be allowed to forum shop in so obvious a manner. The Court of Federal Claims may transfer a matter to a district court only if the Court determines that it lacks subject-matter jurisdiction to consider a matter and that a transfer of venue would be in the interest of justice. *See* 28 U.S.C. § 1631. The burden is on the party seeking transfer "to identify the proposed transferee court and show that jurisdiction would be proper there." *Maehr v. United States*, 767 Fed. App'x 914, 916 (Fed. Cir. 2019) (per curiam) (citing *Hill v. Dep't of the Air Force*, 796 F.2d 1469, 1470-71 (Fed. Cir. 1986)). In effect, three prerequisites exist for transferring a case: "(1) the transferor court lacks jurisdiction; (2) the action could have been brought in the transferee court at the time it was filed; and (3) transfer is in the interest of justice." *Zoltek Corp. v. United States,* 672 F.3d 1309, 1314 (Fed.Cir.2012) (en banc).

As set forth in TPM's opposition to Defendant's motion to dismiss the Amended Complaint, this Court has jurisdiction over its claims. Indeed, this action could not have been filed in district court because the Court of Federal Claims is the only appropriate jurisdiction for a takings claim against the United States. Related, the Mint's agency action and "appeals process" were invented for purposes of delaying this action and providing the Government with fodder for its motion to dismiss. Before TPM filed this lawsuit, the Mint advised TPM that it was not required to exhaust administrative remedies. (*See* Am. Compl. ¶ 72). Finally, the interests of justice dictate that this matter should remain before this Court. Defendant's proposed motion to transfer is simply its most recent attempt to stall the proceedings and deny TPM basic answers. Defendant could have requested a transfer in its previous motions to dismiss, but it only offers this alternative now as a less offensive request than a third motion to dismiss before even filing an answer in this matter. All factors weigh against transferring this matter, and the Court should deny Defendant leave to file its futile, time-wasting motion.

Respectfully submitted,

/s/ Lee Vartan

Lee Vartan
Attorneys for Plaintiff, The Portland Mint

cc:    Alison S. Vicks, Esq. (via electronic filing and electronic mail)