# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * *   *
                                      *
THE PORTLAND MINT,                    *
                                      *
          Plaintiff,                  *
                                      *
     v.                               *   No. 20-518C
                                      *   Filed: May 3, 2021
UNITED STATES,                        *
                                      *
          Defendant.                  *
                                      *
* * * * * * * * * * * * * * * * * *   *
```

**O R D E R**

  On April 9, 2021, the court issued an Order in the above captioned case, instructing plaintiff file a status report by April 28, 2021. On April 26, 2021, plaintiff filed a motion for a "two-day enlargement of time, to and including April 30, 2021, within which to file the status report prescribed by the Court's Order dated April 9, 2021." Because plaintiff's motion failed to reflect proof of service on defendant, the court instructed the Clerk's Office to strike the motion. On April 30, 2021, plaintiff refiled the motion with proof of service. The refiled motion, like the previous motion, however, is defective. First the court notes that the April 30, 2021 motion is identical to the previous, now stricken, April 26, 2021, except for the date of the motion and proof of service. For example, the first paragraph of both motions state:

> Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, plaintiff, The Portland Mint ("TPM"), respectfully requests a two-day enlargement of time, to and including April 30, 2021, within which to file the status report prescribed by the Court's Order dated April 9, 2021. (ECF Doc. 43). TPM's status report is currently due on April 28, 2021. This is TPM's first request for an enlargement of time for this purpose. Counsel for defendant has indicated that it does not oppose this motion.

When it filed the April 30, 2021 motion, plaintiff was no longer seeking a two day enlargement of time until April 30, 2021, as it was already April 30, 2021 when the motion was filed. Moreover, it was not the plaintiff's first request for an enlargement of time, the April 26, 2021 motion was the first request. Finally, and most significantly, the request was out of time as the status report was due on April 28, 2021, and plaintiff filed the motion on April 30, 2021. Plaintiff should have requested a motion for leave to file an out of time status report.

  Notably, before the court ruled on the motion, plaintiff filed the status report on the court's docket. The court **INSTRUCTS** the Clerk's Office to **STRIKE** plaintiff's April 30, 2021 motion and **STRIKE** the April 30, 2021 status report. Plaintiff shall file a motion for leave to file the status report, and not file the status report until the court rules on plaintiff's

motion for leave to file. As has been repeatedly made clear to plaintiff's counsel, plaintiff shall comply with the Rules of the United States Court of Federal Claims when filing any submissions to the court.

**IT IS SO ORDERED.**

<u>s/Marian Blank Horn</u>
**MARIAN BLANK HORN**
       **Judge**