# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * *  *
                                    *
THE PORTLAND MINT,                  *
                                    *
         Plaintiff,                 *
                                    *   No. 20-518C
         v.                         *   Filed: February 7, 2022
                                    *
UNITED STATES,                      *
                                    *
         Defendant.                 *
                                    *
* * * * * * * * * * * * * * * * *  *
```

## PROTECTIVE ORDER

      The parties in the above captioned case recognize that the United States may produce to plaintiff, The Portland Mint, or to this court, documents, information, and other materials, including testimony of witnesses, relating to the following: (1) the methods by which the United States Mint (U.S. Mint) tests samples of submissions to its Mutilated Coin Redemption Program; (2) materials containing confidential research or development information related to such testing that should not be revealed or revealed only in a certain manner pursuant to Rule 26(c)(1)(G) of the Rules of the United States Court of Federal Claims; and (3) materials related to law enforcement activity involving The Portland Mint or material otherwise considered to be law enforcement sensitive.

      The parties recognize that this Protective Order governs productions only at this stage of the proceedings, and that such productions consist only of material or information from the United States to The Portland Mint. The parties recognize that further proceedings in this case may involve the production of information from The Portland Mint to the United States, and the parties recognize that such further proceedings may require modification of this Protective Order or entry of an additional protective order. Accordingly, the parties shall comply with the terms and conditions of this Protective Order.

1. This Protective Order shall govern documents, information, and other materials produced during this stage of the proceedings in this matter containing the delineated material, including, without limitation, documents produced by the United States, discovery responses provided by the United States, if applicable, and oral responses to questions during any sealed or protected court proceedings at this stage of the proceedings, of current or former employees of the U.S. Mint.

2. All documents, information, and other materials, including electronic records, that are disclosed by the United States pursuant to this Protective Order that relate to the matter covered by this Protective Order shall be stamped, or otherwise

identified as being, "SUBJECT TO PROTECTIVE ORDER." Transcripts of protected or sealed hearings containing information falling within this protective order shall also be identified as "SUBJECT TO PROTECTIVE ORDER." Under no circumstances may any documents, information, or materials, or any information derived from them, that are disclosed pursuant to this Protective Order, be used by either party for any purposes, either directly or indirectly, not relating to this action. The United States may, however, continue to use and discuss the information and documents produced in this litigation with appropriate U.S. Mint officials, provided that such use and discussion is consistent with orders or internal procedures of the U.S. Mint.

3. Nothing in this Protective Order prohibits the United States from redacting privileged information, including sensitive or law enforcement information, even if the documents are produced subject to this Protective Order.

4. At any time during the pendency of this action, plaintiff may challenge the designation of any documents, information, and/or other materials that have been identified as being "SUBJECT TO PROTECTIVE ORDER" or redacted by written notification to Defendant identifying the information or redactions challenged. The parties shall engage in a good faith effort to resolve any such objection. If the parties cannot resolve a challenge despite good faith attempts to do so, plaintiff may file a motion with the court. While such motion is pending, the documents, information, and/or other materials that have been identified as being "SUBJECT TO PROTECTIVE ORDER" shall be treated as such pursuant to this Protective Order or shall remain redacted as the case may be. The burden to demonstrate that information should be protected will lie with defendant. Plaintiff is not obligated to challenge the designation or redaction of any document, information, and/or other material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

5. All records and information that are disclosed to The Portland Mint pursuant to this Protective Order must be returned to the United States or destroyed no later than thirty (30) days after final judgment in this action, including any appeals. The Portland Mint shall provide written confirmation to the United States that the records have been destroyed.

6. Records and information produced by the United States pursuant to this Protective Order may be disclosed to The Portland Mint's counsel only or to persons regularly in the employ of The Portland Mint's counsel. Such records may also be produced, upon written court order, to persons specifically assisting with litigation of this case who are retained by The Portland Mint's counsel of record and who have a need for the information in the performance of their specified duties in this case and for no other reasons. The Portland Mint's counsel of record shall be permitted to advise his client on the basis of the information contained in the documents, information, and materials contained in the records produced, but not to share such documents or disclose the information contained in the records produced. The Portland Mint's counsel shall not allow anyone who is not covered by this

Protective Order to make copies of the protected materials, shall not allow others not covered by this Protective Order to read the protected materials, and shall not read the contents of the protected materials to anyone not covered by this Protective Order. No protected information may be disclosed by The Portland Mint's counsel of record or by either party to any person not permitted access under this Protective Order unless such person has been designated in writing to the court at least ten (10) days in advance of the disclosure. If objection is timely made by the other party, no protected information shall be disclosed without approval of the court.

7. Persons regularly in the employ of either the Department of Justice or the U.S. Mint who are presently permitted access to specific portions of confidential information under Federal law, under U.S. Mint duties, policies, or procedures, or under Department of Justice duties, policies, or procedures, will maintain such access as those laws, policies and procedures provide. This Protective Order does not limit the ability of the United States' counsel of record to share and to discuss the documents, information, and materials contained in the records produced with any legal counsel for the U.S. Mint not subject to any other orders of the court regarding litigation participation. The United States and the United States' counsel shall not allow anyone who is not covered by this Protective Order to make copies of the protected materials, shall not allow others not covered by this Protective Order to read the protected material, and shall not read the contents of the protected material to anyone not covered by this Protective Order. No protected information may be disclosed by the United States counsel of record or by either party to any person not permitted access under this Protective Order unless such person has been designated in writing to the court at least ten (10) days in advance of the disclosure. If objection is timely made by the other party, no protected information shall be disclosed without approval of the court.

8. Documents, records or information in the public domain and available from public domain sources are not subject to the protections or limitations of this Protective Order. Conduct by either party or their counsel or persons to whom they disclose confidential information that results in the disclosure of confidential information subject to this Protective Order and release into the public domain shall be considered a violation of this Protective Order.

9. Personnel of the court, Department of Justice, and the agency (U.S. Mint) are automatically subject to the terms of this Protective Order and are entitled to access the protected information without further action.

10. For individuals not automatically subject to the terms of this Protective Order under Paragraph Nine, prior to disclosure of any protected information by either party or their counsel, each individual receiving confidential information shall be provided with a copy of this Protective Order and shall be required to sign the attached "CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER" indicating that they have read and agree to abide by the terms of this Protective Order, that they will not disclose protected information to anyone not authorized to

receive it, that they will not use any protected information except as provided by this Protective Order, and that they will return or destroy the protected information to the United States at the conclusion of this litigation. Certificates of compliance shall be provided by The Portland Mint's counsel to the United States' counsel and shall be filed with the court.

11. Any filings with the court that contain information produced pursuant to this Protective Order shall be made under seal and shall be identified as containing information that is subject to this Protective Order.

<u>s/Marian Blank Horn</u>
**MARIAN BLANK HORN**
**Judge**