# In the United States Court of Federal Claims

| | |
|---|---|
| * * * * * * * * * * * * * * * * * *    * | |
|                           * | |

**THE PORTLAND MINT,**

              **Plaintiff,**

          **v.**

**UNITED STATES,**

              **Defendant.**

**No. 20-518C**
**Filed: April 29, 2026**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SECOND REVISED PROTECTIVE ORDER

The parties in the above captioned case recognize that the United States may produce to plaintiff, The Portland Mint, or to this court, documents, information, and other materials, including testimony of witnesses, relating to the following: (1) the methods by which the United States Mint (U.S. Mint) tests samples of submissions to its Mutilated Coin Redemption Program; (2) materials containing confidential research or development information related to such testing that should not be revealed or revealed only in a certain manner pursuant to Rule 26(c)(1)(G) of the Rules of the United States Court of Federal Claims; (3) materials related to law enforcement activity involving The Portland Mint or material otherwise considered to be law enforcement sensitive; and (4) information that is (a) non-public information that contains, references, or relates to technical, financial or other trade secrets, or proprietary and/or commercially sensitive information, or (b) protected by the Privacy Act or the Trade Secrets Act. The parties likewise recognize that The Portland Mint may produce business sensitive information to the U.S. Mint. Accordingly, both parties shall comply with the terms and conditions of this Second Revised Protective Order.

1.  This Second Revised Protective Order shall govern documents, information, and other materials produced in this matter containing the delineated material, including, without limitation, documents produced by the parties, discovery responses provided by the parties, if applicable, and oral responses to questions during any sealed or protected court proceedings.

2.  All documents, information, and other materials, including electronic records, that are disclosed pursuant to this Second Revised Protective Order that relate to the matter covered by this Second Revised Protective Order shall be stamped, or otherwise identified as being, "SUBJECT TO PROTECTIVE ORDER." Transcripts of protected or sealed hearings containing information falling within this Second Revised Protective Order shall also be identified as "SUBJECT TO PROTECTIVE

ORDER." Under no circumstances may any documents, information, or materials, or any information derived from them, that are disclosed pursuant to this Second Revised Protective Order, be used by either party for any purposes, either directly or indirectly, not relating to this action. The United States may, however, continue to use and discuss the information and documents produced in this litigation by the United States with appropriate U.S. Mint officials, provided that such use and discussion is consistent with orders or internal procedures of the U.S. Mint. The Portland Mint may also continue to use and discuss the information and documents produced in this litigation by The Portland Mint with The Portland Mint personnel.

3. The United States is expressly authorized to produce to The Portland Mint, or to any retained outside expert admitted to this Second Revised Protective Order, any documents or information that are responsive to The Portland Mint's discovery requests or search terms in this Action that the United States would otherwise be prohibited from disclosing pursuant to the Privacy Act or the Trade Secrets Act.

4. Nothing in this Second Revised Protective Order prohibits a party from redacting privileged information, including attorney-client privileged material, attorney work product, and sensitive or law enforcement information, even if the documents are produced subject to this Second Revised Protective Order.

5. At any time during the pendency of this action, the parties may challenge the designation of any documents, information, and/or other materials that have been identified as being "SUBJECT TO PROTECTIVE ORDER" or redacted by written notification to the other party identifying the information or redactions challenged. The parties shall engage in a good faith effort to resolve any such objection. If the parties cannot resolve a challenge despite good faith attempts to do so, the parties may file a motion with the court. While such motion is pending, the documents, information, and/or other materials that have been identified as being "SUBJECT TO PROTECTIVE ORDER" shall be treated as such pursuant to this Second Revised Protective Order or shall remain redacted as the case may be. The burden to demonstrate that information should be protected will lie with the party having designated the document. A party is not obligated to challenge the designation or redaction of any document, information, and/or other material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

6. All records and information that are disclosed pursuant to this Second Revised Protective Order must be returned to the producing party or destroyed no later than thirty (30) days after final judgment in this action, including any appeals. The parties shall provide written confirmation that the records have been destroyed.

7. Records and information produced by the United States pursuant to this Second Revised Protective Order may be disclosed to The Portland Mint's counsel only or to persons regularly in the employ of The Portland Mint's counsel. Such records may also be produced, upon written court order, to persons specifically assisting with litigation of this case who are retained by The Portland Mint's counsel of record

and who have a need for the information in the performance of their specified duties in this case and for no other reasons. The Portland Mint's counsel of record shall be permitted to advise his client on the basis of the information contained in the documents, information, and materials contained in the records produced, but not to share such documents or disclose the information contained in the records produced. The parties shall not allow anyone who is not covered by this Second Revised Protective Order er to make copies of the protected materials, shall not allow others not covered by this Second Revised Protective Order to read the protected materials, and shall not read the contents of the protected materials to anyone not covered by this Second Revised Protective Order. No protected information may be disclosed by the parties' counsel of record or by either party to any person not permitted access under this Second Revised Protective Order unless such person has been designated in writing to the court at least ten (10) days in advance of the disclosure. If objection is timely made by the other party, no protected information shall be disclosed without approval of the court. Material subject to this Second Revised Protective Order may also be provided to court reporters, if necessary for this matter, should they be provided this Second Revised Protective Order and agree to its terms.

8. Persons regularly in the employ of either the Department of Justice or the U.S. Mint who are presently permitted access to specific portions of confidential information under Federal law, under U.S. Mint duties, policies, or procedures, or under Department of Justice duties, policies, or procedures, will maintain such access as those laws, policies and procedures provide. This Second Revised Protective Order does not limit the ability of the United States' counsel of record to share and to discuss the documents, information, and materials contained in the records produced with any legal counsel for the U.S. Mint not subject to any other orders of the court regarding litigation participation. The United States and the United States' counsel shall not allow anyone who is not covered by this Second Revised Protective Order to make copies of the protected materials, shall not allow others not covered by this Second Revised Protective Order to read the protected material, and shall not read the contents of the protected material to anyone not covered by this Second Revised Protective Order. No protected information may be disclosed by the United States counsel of record or by either party to any person not permitted access under this Second Revised Protective Order unless such person has been designated in writing to the court at least ten (10) days in advance of the disclosure. If objection is timely made by the other party, no protected information shall be disclosed without approval of the court.

9. Documents, records or information in the public domain and available from public domain sources are not subject to the protections or limitations of this Second Revised Protective Order. Conduct by either party or their counsel or persons to whom they disclose confidential information that results in the disclosure of confidential information subject to this Second Revised Protective Order and release into the public domain shall be considered a violation of this Second Revised Protective Order.

10. Personnel of the court, Department of Justice, and the agency (U.S. Mint) are automatically subject to the terms of this Second Revised Protective Order and are entitled to access the protected information without further action.

11. For individuals not automatically subject to the terms of this Second Revised Protective Order under Paragraph Eight, prior to disclosure of any protected information by either party or their counsel, each individual receiving confidential information shall be provided with a copy of this Second Revised Protective Order and shall be required to sign the attached "CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER" indicating that they have read and agree to abide by the terms of this Second Revised Protective Order, that they will not disclose protected information to anyone not authorized to receive it, that they will not use any protected information except as provided by this Second Revised Protective Order, and that they will return or destroy the protected information to the producing party at the conclusion of this litigation. Certificates of compliance shall be provided by parties and shall be filed with the court.

12. Any filings with the Second Revised Protective Order shall be made under seal and shall be identified as containing information that is subject to this Second Revised Protective Order.

13. After filing a document containing protected information in accordance with Paragraph Twelve, or after later sealing a document, a party must promptly serve on the other parties a proposed redacted version marked "Proposed Redacted Version" in the upper righthand corner of the first page with the claimed protected information deleted. If a party seeks to include additional redactions, it must advise the filing party of its proposed redactions within seven (7) business days after receipt of the proposed redacted version, or such other times as agreed upon by the parties. The filing party must then provide the other parties with a second redacted version of the document clearly marked "Agreed-Upon Redacted Version" in the upper right-hand corner of the page with the additional information deleted.

14. Disclosure of information subject to this Second Revised Protective Order in a deposition or at trial will be designated as subject to this Second Revised Protective Order by indicating on the record the portion of the testimony that contains protected information, or by serving a written notification upon the party that elicited or proffered the information within 14 days of the receipt of the transcript by counsel for the designating party. Information subject to this Second Revised Protective Order may only be disclosed in the presence of individuals subject to the terms of this Second Revised Protective Order. A copy of the written notification, identifying the specific pages and lines of the transcript subject to this Second Revised Protective Order, shall be attached to the transcript and every copy of the transcript possessed by any party or its agents, and the transcript shall be protected information.

15. If a party discovers any breach of any provision of the Second Revised Protective Order, the party must promptly report the breach to the other parties and immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to individuals not subject to this Second Revised Protective Order.

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**