IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE PORTLAND MINT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-518C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

<u>JOINT STATUS REPORT</u>

Pursuant to the Court's order filed June 21, 2026, ECF No. 138, plaintiff, the Portland Mint, and defendant, the United States, respectfully submit the following joint status report regarding the status of settlement discussions. On June 22, 2026, the Portland Mint offered to settle this case based on terms counsel for the parties negotiated. On June 26, 2026, the Portland Mint's settlement offer and counsel for the United States' recommendation were submitted to the authorized representative of the Attorney General for consideration. On July 2, 2026, the parties filed a joint status report explaining the foregoing and that the settlement offer and recommendation were under consideration by the authorized representative of the Attorney General. ECF No. 139. As of this filing, the settlement offer and recommendation are still under consideration by the authorized representative of the Attorney General. The parties' next status report is due July 31, 2026.

<u>Plaintiff's Position</u>

Plaintiff has significant concerns about the pace at which the authorized representative of the Attorney General is proceeding in reviewing the settlement offer. To be clear, there were significant negotiations between the parties prior to the settlement offer being made, and it was Plaintiff's understanding that the offer, once made, would be quickly accepted because of those

significant negotiations. Given the many years Plaintiff has gone without recompense for the coins it redeemed through the Mutilated Coin Redemption Program, Plaintiff is unwilling to extend the discovery stay beyond the agreed-upon date of July 31, 2026, if the Attorney General has not approved the settlement by that date.

Defendant's Position

At no point has counsel for the United States ever guaranteed a timeline for review of a settlement proposal nor has counsel for the United States guaranteed approval of the settlement offer.  As counsel for the United States has repeatedly explained, she does not have settlement authority and can only make a recommendation to the appropriate settlement authority.  Indeed, on June 16, 2026, prior to the parties filing their joint motion for a stay and prior to any settlement offer, counsel for the United States reminded plaintiff's counsel that she will need to make a recommendation to the Department of Justice's decisionmaker who has settlement authority and that she does not have a guaranteed timeline for that review.

                                                    Respectfully submitted,

/s/  Lee Vartan_____          BRETT A. SHUMATE
LEE VARTAN                                  Assistant Attorney General
Chiesa Shahinian & Giantomasi PC
105 Eisenhower Parkway                      PATRICIA M. MCCARTHY
Roseland, NJ 07068                          Director
T: 973.325.1500
F: 973.325.1501                             DEBORAH A. BYNUM
lvartan@csglaw.com                           Assistant Director

                                            s/ Rebecca T. Mitchell_____
Attorney for Plaintiff                      REBECCA T. MITCHELL
                                            Trial Attorney
                                            A. BONDURANT ELEY
                                            Senior Litigation Counsel
                                            Commercial Litigation Branch
                                            Civil Division
                                            U.S. Department of Justice

P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 616-0467
Email:        Rebecca.Mitchell@usdoj.gov

July 17, 2026                                    Attorneys for Defendant